WENTWORTH, Judge.
Petitioners seek review by certiorari, challenging an order by which their demand for a jury trial was denied. We conclude that the court below did not err in this regard, and we therefore decline to issue the requested writ.
Respondent filed an action seeking to recover attorney’s fees. Petitioners answered the complaint and did not request a jury trial. Discovery ensued and a trial date was scheduled. After the case had been pending for over a year, and with less than one month remaining until the scheduled trial, petitioners sought a continuance due to recently-discovered information. At the hearing on this motion petitioners also sought leave to file a compulsory counterclaim. Indicating that it would grant a continuance, the court rescheduled trial and imposed rigid deadlines for any further discovery. Expressing concern that the rescheduled trial date not be again postponed, the court also indicated that it would grant leave to file a counterclaim after petitioners’ counsel agreed with the statement of respondent’s counsel that “everything in their compulsory counterclaim ... is already in their affirmative defenses.... It doesn’t raise anything new_”
The order granting petitioners’ motion notes the court’s understanding that the counterclaim would not delay commencement of the rescheduled trial. However, after the counterclaim was filed and respondent submitted an answer petitioners filed a demand for jury trial. Another hearing was held, and petitioners’ counsel argued that the counterclaim did in fact *490 present new issues by which their right to request a jury trial was revived in accordance with Hollywood Inc. v. City of Hollywood, 321 So.2d 65 (Fla.1975). The court nevertheless denied the demand for a jury trial, stating that leave to file the counterclaim had been predicated upon an understanding that it would not present new issues or produce any further delay in the trial schedule. We conclude that the court’s determination in this regard is consistent with the parties’ representations at the prior hearing. Having induced the court’s prior ruling by such representations, petitioners may not maintain a contrary position, and the court thus did not abuse its authority by declining to grant the requested jury trial.
The petition for writ of certiorari is denied.
SMITH and SHIVERS, JJ., concur.